In re FORFEITURE OF CERTAIN REAL PROPERTY BY ACTION in rem.

[Cite as *In re Forfeiture of Certain Real Property* (1994), 99 Ohio App.3d 565.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 93–T–4985.

Decided Dec. 27, 1994.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *James M. Miller,* Assistant Prosecuting Attorney, for appellant.

*Theodore T. Ivanchak,* for appellee.

CACIOPPO, Judge.

This is an accelerated appeal by plaintiff-appellant, Dennis Watkins, Trumbull County Prosecuting Attorney, from a judgment rendered by the Trumbull County Court of Common Pleas.

On February 3, 1992, Patricia I. Dukes was indicted for drug trafficking in violation of R.C. 2925.03(A)(1). The indictment followed a police investigation of Dukes' residence at 1385 Oak Street in Warren, Ohio, where drugs had allegedly been purchased.

Dukes pleaded guilty to the charge of drug abuse, pursuant to R.C. 2925.11(A), on April 23, 1992. At the time of entering Dukes' plea, she agreed to voluntarily forfeit a digital scale, a .38 caliber revolver, and a .22 caliber pistol. Dukes asserts that during negotiations pertaining to her plea, the state promised not to attempt to seize her home, as long as she provided proof that her residence was purchased from insurance money following the death of her husband. Dukes claims that appropriate receipts were provided.

On May 13, 1993, Dukes was sentenced to one year of incarceration and fined $1,500. Dukes' sentence was suspended in lieu of a three-year probation with fine and costs to be paid in two years.

On April 27, 1992, four days after the plea agreement had been accepted by the trial court, appellant filed a civil forfeiture action against Dukes' residence at 1385 Oak Street in Warren, Ohio. This action was brought pursuant to R.C. 2925.43,

the civil drug-forfeiture statute. Dukes filed a motion in opposition to the forfeiture action on August 31, 1992, based on an illegal seizure of property.

The trial began on September 29, 1992 and was continued until June 4, 1993, at which time it was concluded. The trial court rendered its decision on October 29, 1993, finding that although Dukes' real property was otherwise subject to forfeiture pursuant to R.C. 2925.43, appellant's complaint was nonetheless barred, and dismissing on grounds of violation of double jeopardy. From this judgment, appellant appeals.

■ In the sole assignment of error, appellant argues that the trial court erred in dismissing the state's forfeiture complaint brought pursuant to R.C. 2925.43 on grounds that it was violative of both the United States and Ohio Constitutions' Double Jeopardy Clauses. We disagree.

Civil forfeiture is governed by R.C. 2925.43, which provides, in part:

"(A) The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:

"(1) Any property that constitutes, or is derived directly or indirectly from, any proceeds that a person obtained directly or indirectly from the commission of an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug offense * * *;

"(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense * * *."

Although Dukes' property fell within the definition of R.C. 2925.43(A)(2), appellant's request for forfeiture would be a violation of double jeopardy, and especially multiple punishments for the same offense.

■ Double jeopardy is forbidden by both the Ohio Constitution and the United States Constitution. Section 10, Article I, Ohio Constitution; the Fifth Amendment to the United States Constitution. See *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774. Generally, double jeopardy attaches to provide protection against (1) a second prosecution for the same offense following acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *United States v. Halper* (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496. It is the third protection that is at issue in the present case.

The linchpin of double jeopardy jurisprudence is the determination of whether or not jeopardy has attached. *Crist v. Bretz* (1978), 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (stating that jeopardy attaches in a state jury trial when the jury is empaneled and sworn); *Serfass v. United States* (1975), 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (stating that jeopardy attaches in a bench trial when the court begins to hear evidence).

In determining when double jeopardy attached to the case *sub judice*, the trial court placed particular reliance on the Supreme Court of Ohio case of *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916. In *Casalicchio*, the Supreme Court of Ohio held that the forfeiture of property pursuant to R.C. 2933.42 and 2933.43 was in the nature of a punishment, and that it, therefore, violated the Double Jeopardy Clauses of both the Ohio and the United States Constitutions to declare a forfeiture as a result of a conviction *after* the imposition of a sentence for the offense.

Dukes asserts that the wording in *Casalicchio*, focusing on the date of sentencing, is based on the facts of that particular case and not a specific reference to when jeopardy attaches. We agree.

Although appellant sought forfeiture of Dukes' home prior to sentencing, we find that such forfeiture was barred by double jeopardy.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Ford, P.J., and Nader, J., concur.

Mary Cacioppo, J., retired, of the Ninth Appellate District, sitting by assignment.